# CIRCUIT COURT OF FAIRFAX COUNTY

Mary E. Rice

v.

Hyon Soon Kang

March 13, 2000

Case No. (Law) 175243

BY JUDGE MICHAEL P. MCWEENY

The Court has received and reviewed the memorandum on the above-referenced case. It appears clear that Paul C. Walsh & Associates acted in good faith in hiring Douglas Foord, Esq., as "of counsel" to represent Ms. Rice in this case.

This case was filed on October 7, 1998, and the Sheriff attempted service on October 14, 1999, at 4709 Commons Drive # 102, Annandale, Virginia. The return was "not found" with the additional notation "moved per property manager." Mr. Foord appeared at Status Conferences on January 21, 1999, and March 23, 1999, and on each occasion was informed of the return of service and ordered to obtain service on the defendant. On April 22, 1999, Mr. Foord failed to appear, and Judge Alden entered a Rule to Show Cause why the case should not be dismissed; however, the Rule was "not found" as the suite number used by Mr. Foord did not exist in the building.

The new address of "Paul C. Walsh & Associates, 6408-R Seven Corners Place, Falls Church, Virginia 22044" was placed in the file on July 6, 1999 (source of the note is unclear), and Mr. Foord was renoticed to appear. On August 10, 1999, Mr. Foord appeared before me, and I personally explained his difficulties in this and other cases. I ordered that he serve the defendant through the Commissioner of the Department of Motor Vehicles or nonsuit the case prior to October 7, 1999, and rescheduled the Status Conference to October 12, 1999. I explained that the case would be dismissed pursuant to Rule 3:3 if he failed to act with due diligence.

On October 6, 1999, Mr. Foord ignored the Court's instructions and used special process to post the Motion for Judgment on the door of the same apartment which the Sheriff informed him was *not* the defendant's residence. Mr. Foord then failed to appear on October 12, 1999.

Numerous Rules to Show Cause followed these actions, using all known addresses for Mr. Foord, including his registered address according to the Virginia State Bar. All were "not found."

At this point, the Court cannot help but find that the plaintiff, through Mr. Foord, has failed to exercise due diligence to have timely service on the defendant. Rule 3:3 is for the protection of the defendant to allow him to respond to allegations. It also prevents allegations from pending indefinitely. The argument that efforts to locate the defendant have been pursued is not supported by the actions of Mr. Foord. Clearly, the statement that there was "final successful Service of Process upon the Defendant" is rebutted by Mr. Foord's knowing service on an incorrect address in an effort to take some action within one year of the commencement of the action.

Pursuant to Rule 3:3 of the Rules of the Supreme Court of Virginia, this case is dismissed.